| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| BRIAN KNITE YATES | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2011  -CP- 10 - 5746 |
| vs. | ) | |
| | ) | |
| JON R. ZUMALT, CITY OF NORTH CHARLESTON, NORTH CHARLESTON POLICE DEPARTMENT, CHRISTOPHER BLAIR TERRY, & JOHN DOE DEFENDANTS | ) | |
| Defendant(s) | ) | |

(Please Print)
Submitted By: Gordon H. Garrett
Address: 1075 East Montague Avenue
Charleston, SC 29405

SC Bar #: 73998
Telephone #: 843-554-5515
Fax #: 843-747-3198
Other:
E-mail:

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☒ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

RECEIVED JUL 27 2011 LEGAL DEPT.

Submitting Party Signature: _[signature]_    Date: 7/20/2011

SCCA / 234 (01/2011)    Page 1 of 3

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | CASE NO.: 2011-CP-10-5146 |
| BRIAN KNITE YATES, ) | |
| Plaintiff ) | |
| vs. ) | SUMMONS |
| JON R. ZUMALT, ) | |
| CITY OF NORTH CHARLESTON, ) | |
| NORTH CHARLESTON ) | |
| POLICE DEPARTMENT, ) | |
| CHRISTOPHER BLAIR TERRY, & ) | |
| JOHN DOE DEFENDANTS ) | |
| Defendants. ) | |

**TO: DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Plaintiff's original Complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint, upon Gordon H. Garrett, 1075 East Montague Avenue, Charleston, South Carolina, with thirty (30) days after the service hereof, exclusive of the day such service, and, if you fail to answer said Complaint with the time aforesaid, default judgment may be entered against you for the relief demanded in the said Complaint.

Respectfully submitted,

_____
Gordon H. Garrett
1075 East Montague Avenue
Charleston, South Carolina 29405
Tel: (843) 554-5515
Fax: (843) 747-3198 (Fax)
Attorney for Thomas Bell, Plaintiff

July 20th, 2011
Charleston, SC

```
STATE OF SOUTH CAROLINA        )    IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF CHARLESTON           )    CASE NO.:
                               )
BRIAN KNITE YATES,             )       2011-CP-10-5146
                               )
          Plaintiff            )
                               )
vs.                            )    COMPLAINT
                               )
JON R. ZUMALT,                 )
CITY OF NORTH CHARLESTON,      )
NORTH CHARLESTON               )    JURY TRIAL REQUESTED
POLICE DEPARTMENT,             )
CHRISTOPHER BLAIR TERRY, &     )
JOHN DOE DEFENDANTS            )
                               )
          Defendants.          )
_____)
```

## INTRODUCTION

Brian Knite Yates ["The Plaintiff"] of South Carolina hereby asserts the following claims against the defendants in the above-entitled action:

(1) violation of 42 U.S.C. 1983: arrest,

(2) false arrest and imprisonment,

(3) assault,

(4) battery,

(5) Unlawful Search and Seizure

(6) intentional infliction of emotional distress,

## PARTIES

1. Plaintiff Brian Yates ["The Plaintiff"] is a natural person residing at 100 Egret Avenue, Ladson, South Carolina, United States of America; and was a resident of South Carolina during all relevant times of this action.

2. Defendant Officer Christopher Blair Terry, who is a natural person and the named in the Booking Report, Case Number 2008056763, was a duly-appointed police officer in the North Charleston Police Department, with Officer ID number _____ at all times relevant to this Complaint.

3. Defendant City of North Charleston is a Municipal Corporation, organized under the laws of the State of South Carolina. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Officer Christopher Blair Terry at all times relevant to this Complaint.

4. Defendant Jon R. Zumalt is a resident of Charleston County, South Carolina, United States of America, and the duly-appointed Police Chief of the City of North Charleston, at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of police policies, procedures, and practices in the City of North Charleston.

5. Defendant John Doe and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed City of North Charleston police officers of unknown rank and supervisors of Officer Terry.

6. Plaintiff sues all public employees in their official and individual capacities.

7. At all times material to this Complaint, Defendants Officer Terry and John Does acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of South Carolina, City of North Charleston, and the North Charleston Police Department.

FACTS

8. Plaintiff Brian Knite Yates is a Sergeant first class in the United States Army.

9. Between foreign-service deployments, Sgt. Yates is stationed at US Army Branch located at The Military College of South Carolina.

10. Sgt. Yates was a highly decorated E-6 at the time of the incident and has since been promoted to E-7.

11. Sgt. Yates is the recipient of multiple military service awards including the National Defense Service Medal in 2004, the US Army Service Ribbon in 2003, the Armed Forces Reserve Medal in 2004, the Global War on Terrorism Expeditionary Medal in 2004, and the Global War on Terrorism Service Medal in 2004.

12. On the afternoon of Saturday December 27, 2008, Sgt. Yates was at his mother's house working on his car when he received a call from his wife. His young daughter was ill and needed to go to the doctor.

13. At approximately 4:10 p.m., Sgt. Yates left his mother's house in Ladson and headed toward Goose Creek to pick up his wife and daughter.

14. As Sgt. Yates approached the U.S. Post Office on Ladson Road, he noticed a police

cruiser entering the roadway from the Post Office parking lot.

15. Sgt. Yates was following all traffic laws, including the posted speed limit.

16. Moments later after he had turned onto Highway 78, Sgt. Yates noticed the officer speeding behind him but was not sure if the officer was pursuing him, another vehicle, or responding to a call as neither the officer's blue lights nor his siren were activated.

17. The police cruiser approached Sgt. Yates' vehicle in the right lane, but a third vehicle separated Sgt. Yates and the officer.

18. After a few lane changes wherein Sgt. Yates attempted to allow the officer to move directly behind him, the separating car moved into the left lane and the officer remained behind Sgt. Yates' car and activated his blue lights.

20. Sgt. Yates then pulled into a BP service station located at 9195 University Boulevard and Officer Christopher Blair Terry parked his cruiser beside Sgt. Yates vehicle.

21. Officer Terry then approached the vehicle and asked Sgt. Yates for his driver's license. When Sgt. Yates responded that he did not have his license with him, Officer Terry asked Sgt. Yates to step out of the vehicle while simultaneously reaching for the door handle of Sgt. Yates' vehicle.

22. As Sgt. Yates opened the car door and stepped out of the vehicle, the officer grabbed him by the wrist and began twisting his arm.

23. Officer Terry informed Sgt. Yates that he was under arrest, but refused to say why when Sgt. Yates inquired. The officer then asked Sgt. Yates to put his hands on the car and forced Sgt. Yates' left arm behind his back.

24. At this point, Sgt. Yates' mother and brother pulled into the service station and got out of their vehicle. As they approached Sgt. Yates and Officer Terry, the officer deployed his taser into Sgt. Yates back and Sgt. Yates fell to the ground. Officer Terry simultaneously un-holstered his service revolver as Sgt. Yates' brother approached.

25. As he lay on the ground, Sgt. Yates attempted to console his family and told them that they should return to their vehicle.

26. Despite the fact that Sgt. Yates was still laying on the ground and at no point attempted to stand up, Officer Terry tasered him a second time as Sgt. Yates spoke to his mother and brother.

27. When Sgt. Yates' mother saw Officer Terry taser her son a second time, she screamed and fainted, hitting her head when she fell to the ground.

28. Without attempting to stand, Sgt. Yates asked if he could assist his mother and he was tasered a third time.

After the third tase was administered, Sgt. Yates threw his cell phone to his brother and asked him to call his commanding officer to inform him of the situation.

29. More police cars began to arrive and Sgt. Yates was handcuffed and placed under arrest.

30. While Sgt. Yates was in the back of a police cruiser, two other officers entered into Sgt. Yates' automobile.

31. An unknown officer commenced to search Sgt. Yates' vehicle.

32. An unknown officer seized a handgun from the trunk of the vehicle.

33. Sgt. Yates was then taken to jail.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

36. Acting under the color of law, Defendants worked a denial of the Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

(a) by depriving the Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will,

(b) by making an unreasonable search and seizure of his property without due process of law,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny The Plaintiff equal protection of laws,

(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 2: FALSE ARREST AND IMPRISONMENT

37. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. At all times relevant herein,

(a) the Defendant, Officer Terry, restrained The Plaintiff,

(b) the restraint of the Plaintiff by the Defendant, Officer Terry, was intentional,

(c) the restraint was unlawful as Officer Terry lacked probable cause to detain or arrest the Plaintiff

39. Defendants City of North Charleston and Police Chief Jon R. Zumalt are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 3: ASSAULT

40. The Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if herein set forth.

41. The Plaintiff is a reasonable person.

42. Defendant Officer Terry intentionally created an apprehension of immediate physical harm when he un-holstered his service revolver and aimed his taser at the Plaintiff. The Defendant's conduct placed the Plaintiff in reasonable fear of bodily harm.

43. Any reasonable person would also become apprehensive in the face of defendant's threatening conduct.

44. Defendants City of North Charleston and Police Chief Jon R. Zumalt are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief

and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 4: BATTERY

45. The Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Without the consent of The Plaintiff, Defendant Officer Terry intentionally, harmfully, and offensively touched The Plaintiff by deploying his taser and striking the Plaintiff repeatedly in his back.

47. Defendants City of North Charleston and Police Chief, Jon R. Zumalt are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 5: UNLAWFUL SEARCH AND SEIZURE

48. The Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. The Defendants agreed that the object or course of action was to arrest, detain, and confine The Plaintiff without probable cause, and maliciously charge and prosecute him with crimes.

50. The Defendants did unlawfully enter into the automobile of Sgt. Yates, did search such automobile, and did seize Sgt. Yates' property.

51. Defendants City of North Charleston and Jon R. Zumalt are liable under the doctrine of respondeat superior.

52. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 52 above with the same force and effect as if herein set forth.

54. Defendants intentionally and deliberately inflicted emotional distress on The Plaintiff by maliciously prosecuting The Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating The Plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against The Plaintiff, or by interfering with The Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

55. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

56. The actions of the Defendants were the cause of The Plaintiff's distress.

57. The Plaintiff is a reasonable man.

58. The emotional distress sustained by The Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

59. Defendants City of North Charleston and Jon R. Zumalt are liable under the doctrine of respondeat superior.

60. As a result of the Defendants' extreme and outrageous conduct, The Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

_____
Gordon H. Garrett
Attorney for the Defendant
Garrett Law Offices
1075 East Montague Avenue
Charleston, SC 29405
843.554.5515

July 20, 2011
Charleston, SC